UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD W. BRATTON | ) | CASE NO. 1:05CV0752 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL W. BECK | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner Richard Bratton's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court DENIES Petitioner's request.

## FACTS

Richard Bratton was involved in business dealings with Mr. Tom Ahl regarding advertising for Mr. Ahl's business. In the course of their dealings, Mr. Bratton misappropriated certain funds given to him by Mr. Ahl. This money was to be specifically used for the payment of Mr. Ahl's account with the Lima News. As a result, Mr. Bratton was indicted by a grand jury on two counts of grand theft. These charges were consolidated, and Mr. Bratton was found guilty

on both counts.

On February 27, 2003, Mr. Bratton was sentenced to thirty days in jail, four years parole, and four hundred eighty hours of community service in addition to $7289.86 in restitution payments to Mr. Ahl. On appeal, one conviction of grand theft was reversed and the other was affirmed. Mr. Bratton then appealed to the Ohio Supreme Court, but was denied certiorari. Additionally, he filed a Motion for Reconsideration at the appellate level, but this was also denied.

The case was remanded back to the trial court for re-sentencing. On July 27, 2004, the trial court gave Mr. Bratton the exact same sentence on remand as before his appeal. He appealed the trial court's decision, which was subsequently affirmed by the appellate court. Once again, he appealed to the Ohio Supreme Court, but was denied certiorari.

On March 18, 2005, Mr. Bratton filed a Petition for a Writ of Habeas Corpus. The Magistrate Judge recommended this Court deny the petition. Petitioner then filed a timely objection to the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

After a Magistrate Judge has made recommendations of the disposition of a prisoner petition challenging conditions of confinement, any party may serve and file written objections to the recommendations. 28 U.S.C. § 636(b)(1). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

## JURISDICTION

In order for a District Court to have jurisdiction over a Petitioner seeking a Writ of Habeas Corpus, the Petitioner must be "in custody" at the time the Petition is filed. *See Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). Also, "Physical confinement is not required; the "in-custody" requirement may be met by a petitioner who is on probation [or parole]." *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).

Mr. Bratton's sentence consisted of thirty days in jail and four years of parole, commencing on July 27, 2004. He filed his Petition for a Writ of Habeas Corpus on March 18, 2005. Accordingly, he has satisfied the "in custody" requirement, and this Court has jurisdiction to evaluate his Petition.

## ANALYSIS

### THE STATE COURTS DID NOT VIOLATE FEDERAL LAW BY RE-SENTENCING PETITIONER TO THE SAME PUNISHMENT AFTER A SUCCESSFUL APPEAL

Mr. Bratton claims the state courts violated federal law by giving him the same punishment on remand after successfully having one of his convictions reversed. This claim is evaluated under the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) because it was brought after this Act took effect. *Lindh v. Murphy*, 521 U.S. 320 (1997). The basis for evaluation of a habeas corpus claim brought by one in state custody is found in 28 U.S.C. § 2254 (d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceeding.

The United States Supreme Court has stated there is a distinction between the terms "contrary to," and "an unreasonable application of" found in subsection (1). *See Williams v. Taylor*, 529 U.S. 362, 405, (2000); *Johnson v. Bell*, 344 F.3d 567, 572 (6th Cir. 2003).

A decision is 'contrary to' federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." *Williams*, 529 U.S. at 405; *Johnson*, 344 F.3d at 572. This requires the Supreme Court precedent be "diametrically different, opposite in character or nature, or mutually opposed [to the state court decision]." *Williams*, 529 U.S. at 405.

Mr. Bratton argues his sentencing was contrary to *North Carolina v. Pearce*, a United States Supreme Court case, which states that a sentence stricter upon remand requires an explanation by the judge. *See North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 94 (1989). *Pearce* is a consolidated opinion, in which the respondents were sentenced to more severe punishment after retrials. *Id.* at 713. Mr. Bratton, however, was not sentenced to a more severe punishment analogous to the *Pearce* respondents; his sentence was exactly *the same* upon remand. He contends this constitutes a

"harsher sentence" under *Pearce*; but this proposition is not found anywhere in the case. Thus, Mr. Bratton fails to provide any authority to support his claim. Since *Pearce* does not state a court cannot impose *the same* sentence upon remand without explanation, it does not apply; and the decision of the Ohio Courts supporting this proposition is not "contrary to" federal law.

Because it is not "contrary to" established Supreme Court precedent, this Court next addresses the issue of whether the state court decision is unreasonable. A decision is 'an unreasonable application' of federal law "if the state court identifies the correct governing legal rule from the [the Supreme] Court's cases, but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." *Williams*, 529 U.S. at 405; *Johnson*, 344 F.3d at 572.

The Petitioner again contends *Pearce* applies to his situation, and failure to extend *Pearce* to his resentencing represents an unreasonable application of federal law. However, the appellate court provided objective support of its decision that *Pearce* does not apply to Mr. Bratton through *State v. Couturier*, which states: "when one or more counts of a multi-count conviction are vacated and remanded, the presumption of vindictiveness under *Pearce* is not triggered as long as the aggregate length of the new sentence does not exceed the total length of the original sentence." *State v. Couturier*, No. 00AP-1293, 2001 Ohio App. LEXIS 4050, at *8 (10th Dist. September 13, 2001); *accord Sexton v. Kemna*, 278 F.3d 808, 812 (8th Cir. 2002); *United States v. Arrington*, 255 F.3d 637, 639 (8th Cir. 2001); *United States v. Townsend*, 178 F.3d 558, 570

(D.C. Cir. 1999); *United States v. Vonsteen*, 950 F.2d 1086, 1092 (5th Cir. 1992); United *States v. Pimienta-Redondo*, 874 F.2d 9, 15 (1st Cir. 1989). Thus, although the authority followed by the appellate court was not binding, it is supported in numerous jurisdictions across the country. The appellate court, therefore, was not without objective support; and its refusal to extend the principle was not unreasonable.

Also, even if the state court incorrectly applied federal law, a writ of habeas corpus will not be granted if the application was not unreasonable. *See Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000) (citing *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000)). The appellate court had at least some case law to support its decision, and Mr. Bratton does not argue the case law chosen was incorrectly applied. Consequently, the objective support proffered by the appellate court in support of its decision was sufficient to overcome Mr. Bratton's argument that the decision was unreasonable.

In his objections, Petitioner also seeks an evidentiary hearing "to clearly determine the existence of vindictiveness based upon the judicial presumptions as well as the facts of this case." (Pet. Obj. 10) However, this Court will not hear any additional evidence since it already has sufficient information to make a determination. Petitioner had ample opportunity to present, and, in fact, has presented all the relevant facts regarding his claims. The appellate court has already reviewed and determined this issue, and its decision is reported in a journal entry. *See State v. Bratton*, No. 1-04-56, at p. 4-6 (Ohio App. 3rd Dist. Nov. 16, 2004) (Journal Entry). Additionally, Mr. Bratton has not shown anything to suggest he was prevented from presenting relevant evidence throughout the adjudication of these charges at the various state court levels.

Thus, this Court denies Petitioner's request for an evidentiary hearing.

## THE PETITIONER WAS NOT CONVICTED ON INSUFFICIENT EVIDENCE AND THUS, IS NOT ENTITLED TO RELIEF

Mr. Bratton's second purported ground for relief claims the state courts misapplied the criminal law under which he was convicted (for grand theft). What the Petitioner is ultimately seeking is a reevaluation of his state claims on the merits. However, a habeas corpus evaluation is not meant to re-adjudicate state issues already decided upon by the state courts. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The question is simply whether those determinations are objectively reasonable, and consistent with federal law. *See Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998); *see also Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "If a claim has been adjudicated on the merits by a state court, a writ of habeas corpus will not be granted unless "the state court decision [is] so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." *Shelton v. Seabold*, No. 98-5618, 1999 U.S. App. LEXIS 29224 (6th Cir. Nov. 2, 1999).

The Petitioner objects to the Magistrate Judge's recommendation on the ground the evidence produced is insufficient to support the conviction. According to *Jackson v. Virginia*, "the applicant [Petitioner] is entitled to relief if it is found that upon the record evidence adduced at the trial that no rational trier of fact could have found proof of guilt beyond reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324(1979). Therefore, Petitioner has presented a cognizable claim.

The rule in *Jackson v. Virginia* has been incorporated with slightly different language into

-7-

28 U.S.C. § 2254 (d)(2) which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceeding.

However, the application of this statute has not significantly changed in the Sixth Circuit. *E.g. McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). To apply this standard, this Court must decide whether the elements of the crime are satisfied by the evidence presented. *See Jackson*, 443 U.S. at 324. This standard is applied by explicitly referring "to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324, 99 S.Ct. at 2791-92.

Mr. Bratton was convicted of grand theft under Ohio Rev. Code Ann. § 2913.02 (A)(2) which provides:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> > (2) Beyond the scope of the expressed or implied consent of the owner or person authorized to give consent.

Under the *Jackson* test, this Court must decide whether there was sufficient evidence to sustain the verdict reached by the trial court and affirmed by the appellate court. *See Jackson*, 443 U.S. at 324. The question is whether Mr. Bratton (1) knowingly obtained or exerted control over Mr.

-8-

Ahl's property (2) beyond the scope of Mr. Ahl's consent.

A review of the state appellate court opinion shows that in regards to the first element, the state courts found Mr. Ahl gave Mr. Bratton a check for $21,000. The Petitioner's objections state there is insufficient evidence to support this because the check was never entered as evidence. However, the state courts' determination that this transaction took place could be based on testimony. The presence of the actual check as evidence might have a been helpful additional piece of evidence, but it was not necessary.[1] The state courts have discretion to determine factual issues based on testimony. Thus, a reasonable trier of fact could (and did) find that the first element of the crime was satisfied.

The state court also used testimony to determine the scope of the agreement between Mr. Ahl, and Mr. Bratton. The appellate court stated that "while the business arrangement that existed prior to the June 2001 meeting is muddled and confusing, the testimony of Ahl and Lawley show unequivocally that after that meeting Bratton was given specific instructions... When Bratton did not follow those instructions. he exceeded the scope of the express or implied consent of the owner, Ahl." *State v. Bratton*, 2004-Ohio-187, 2004 Ohio App. LEXIS 166, at ¶ 47. This finding satisfies the second element of the crime. Accordingly, the state courts sufficiently established both elements beyond a reasonable doubt, and Petitioner is not entitled to relief.

Habeas corpus is a method of performing appellate review *per se*, but must not be used as a means for the United States District Court to re-adjudicate claims on their merits. The

---

[1]Petitioner denies the existence of this check.

Petitioner would have this Court reverse the determinations made by the state courts simply because he lost. Review of the state court decisions does not show a violation of either federal law or Constitutional rights. Without establishing a violation of rights protected by the federal government, a Petitioner is not entitled to habeas corpus relief. Thus, Mr. Bratton's Petition for habeas corpus relief is DENIED. Since Bratton has not made a substantial showing of a denial of a Constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

June 26, 2007
Date

CHRISTOPHER A. BOYKO
United States District Judge